

June 5, 2024

**<u>*Via* ECF</u>**
Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Volokh, et. al. v. James*, No. 23-0356: Plaintiffs-Appellees' Notice of Supplemental Authority under Fed. R. App. P. 28(j)

Dear Ms. Wolfe:

Plaintiffs-Appellees submit the U.S. Supreme Court's recent unanimous decision in *NRA v. Vullo*, No. 22-842, 2024 WL 2751216 (May 30, 2024). The decision supports Plaintiffs-Appellees' argument that Attorney General James's thinly veiled ultimatum to "covered websites"—remove "hateful" (but First Amendment-protected) user speech or face legal action under N.Y. Gen. Bus. L. § 394-ccc—violates the First Amendment. *See* Appellees' Br. at 4, 7–11, 55–60.

In *Vullo*, the Court reaffirmed the long-established principle of *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963): Officials' actions violate the First Amendment when, "viewed in context, [they] could be reasonably understood to convey a threat of adverse government action in order to punish or suppress . . . speech." *Vullo,* 2024 WL 2751216 at *8.

As New York's top insurance regulator, Vullo indirectly targeted the NRA's message by giving the organization's insurance carriers an ultimatum: Drop NRA partnerships or face regulatory enforcement. Because Vullo had "direct regulatory and enforcement authority," *id.*, her ultimatum and anti-NRA statements reasonably amounted to threats pressuring carriers to drop the NRA—indirectly attacking the NRA's pro-gun message.

Section 394-ccc(5) grants Attorney General James "direct regulatory and enforcement authority," *Vullo,* 2024 WL 2751216 at *8, over "covered websites." She threatened to use the law "to address" what she called the "growing threat"

Catherine O'Hagan Wolfe, Clerk of the Court
U.S. Court of Appeals for the Second Circuit
June 5, 2024
Page 2 of 2

from "dangerous and hateful platforms," J.A. 19 ¶ 45, and to hold websites "accountable for allowing hateful…content." J.A. 21 ¶ 53; *see also* J.A. 65; Appellees' Br. at 8–11, 57 (compiling New York officials' similar statements). Her aims remain unchanged. *See* Appellees' Supp. App'x at 16-18, 22-37. The message is "loud and clear," *Vullo*, 2024 WL 2751216 at *8: Remove users' "hateful" speech James dislikes or face legal action under § 394-ccc. This coercively burdens websites' First Amendment rights as publishers and indirectly attacks users' protected speech.

*NRA. v. Vullo* accordingly supports affirming the district court's preliminary injunction of § 394-ccc to ensure Attorney General James "cannot coerce a private party to punish or suppress disfavored speech on her behalf." 2024 WL 2751216 at *8.

Sincerely,

JAMES M. DIAZ
*Counsel of Record*
DANIEL M. ORTNER
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19106
(215) 717-3473
jay.diaz@thefire.org
daniel.ortner@thefire.org

*Attorneys for Plaintiffs-Appellees Eugene Volokh, Rumble Technology, Inc., and Locals Technology, Inc.*

cc: All Counsel of Record via ECF