

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

June 10, 2024

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

Re:     *Volokh v. James*, No. 23-356

Dear Ms. Wolfe:

I represent defendant-appellant the New York State Attorney General in the above-captioned appeal. I write in response to plaintiffs' letter (ECF No. 144) concerning *National Rifle Association v. Vullo*, No. 22-842, 2024 WL 2751216 (U.S. May 30, 2024). *Vullo* has no bearing on this case because it merely reaffirms the Court's preexisting precedent in *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1973), and "does not break new ground." 2024 WL 2751216 at *11. Plaintiffs rely on *Bantam Books* and its progeny to argue that GBL § 394-ccc, along with public statements by New York officials, purportedly coerce plaintiffs and other social media networks by threating adverse enforcement action if networks choose not to remove hateful conduct. ECF No. 144; Appellees' Br. 7-11. But as the State has explained, plaintiffs' reliance on *Bantam Books* and its progeny is misplaced. See Reply Br. 21-22.

First, plaintiffs have asserted a pre-enforcement challenge to GBL § 394-ccc and have not alleged any purportedly coercive enforcement conduct. The circumstances here are thus wholly distinct from *Bantam Books* and *Vullo*, which concerned First Amendment claims based on specific alleged conduct found to be coercive. *See Bantam Books*, 372 U.S. at 68 (distributor received "notices, phrased virtually as orders . . . invariably followed up by police

visitations"); *Vullo*, 2024 WL 2751216, at *9 (regulator allegedly offered to "ignore unrelated infractions . . . if [an insurance company] ceased underwriting NRA policies").

Second, as the district court correctly concluded, GBL § 394-ccc does not require social media networks to remove hateful conduct posted by users, *see* Reply Br. 21, and the Attorney General has explicitly disclaimed authority to impose liability on social media networks for failing to remove hateful conduct, *see id.* at 27-28 (citing J.A. 74).

Finally, the public statements on which plaintiffs rely, *see* ECF No. 144, were made following a tragic mass shooting livestreamed over social media. These statements reflect the government officials' own expressive conduct, *see Vullo*, 2024 WL 2751216, at *6, and do not communicate any threat of coercive action.

Respectfully,

*/s/ Sarah Coco*

Sarah Coco
Assistant Solicitor General
(212) 416-6312

cc: Counsel of record (by ECF)