

August 27, 2024

**Via ECF**
Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Volokh, et. al. v. James*, No. 23-0356: Plaintiffs-Appellees' Notice of Supplemental Authority under Fed. R. App. P. 28(j)

Dear Ms. Wolfe:

Plaintiffs-Appellees submit *NetChoice, LLC v. Bonta*, No. 23-2969, 2024 WL 3838423 (9th Cir. Aug. 16, 2024), which supports affirming the preliminary injunction here.

*Bonta* affirmed a preliminary injunction of a California provision requiring websites to submit reports about whether each of their services risked harm to children. *See id.* at *2–3. The direct-to-government reports demanded websites "first determin[e] what constitutes harmful . . . material," *id.* at *10, and then "opine on highly controversial issues of public concern"—what content is harmful. *Id.* at *12. Hence, the provision "clearly compel[led] speech" contrary to "the right to refrain from speaking at all." *Id.* at *9 (quoting *Wooley v. Maynard*, 430 U.S. 705, 714 (1977)).

New York's Gen. Bus. L. § 394-ccc requires websites to "opine on highly controversial issues of public concern" three times over. *See* Appellees' Br. 32–47. Its commands that websites publish a hate-speech policy and a complaint-mechanism *both* force websites to opine on State-defined "hateful" content—sending the messages that hate speech is dangerous, worth reporting, and properly singled out, among other things. *See id.* at 35; Appellees' Supp. Letter Br. 6, 8. Then, in forcing websites to respond to complaints, § 394-ccc requires websites "first determin[e] what constitutes" hateful content to decide which complaints must receive a response. Just as California cannot force websites to "opine" on

Catherine O'Hagan Wolfe, Clerk of the Court
U.S. Court of Appeals for the Second Circuit
August 27, 2024
Page 2 of 2

"harmful" content, New York cannot force websites to "opine" on "hateful" content, either on their own sites or in response to user complaints.

As in *Bonta*, there should be "no question that strict scrutiny" applies to § 394-ccc. 2024 WL 3838423, at *11. The California provision "compel[led] speech with a particular message about controversial issues" and was "disconnected from any economic transaction." *Id.* at *12. Reduced scrutiny under *Central Hudson* or *Zauderer* therefore did not apply. *Id.* So too here. *See* Appellees' Br. 39–47. And New York likewise has "less[] restrictive means" to achieve its stated goals. *See* Appellees' Br. 54.

New York's law "clearly compels speech" contrary to "the right to refrain from speaking at all." *Bonta,* 2024 WL 3838423 at, *9.

        Sincerely,

        JAMES M. DIAZ
        *Counsel of Record*
        DANIEL M. ORTNER
        FOUNDATION FOR INDIVIDUAL
         RIGHTS AND EXPRESSION
        510 Walnut Street, Suite 900
        Philadelphia, Pennsylvania 19106
        (215) 717-3473
        jay.diaz@thefire.org
        daniel.ortner@thefire.org

        *Attorneys for Plaintiffs-Appellees Eugene Volokh, Rumble Technology, Inc., and Locals Technology, Inc.*

cc:  All Counsel of Record via ECF