

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

August 30, 2024

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

      Re:    *Volokh v. James*, No. 23-356

Dear Ms. Wolfe:

      I represent defendant-appellant the New York State Attorney General in the above-captioned appeal. I write in response to plaintiffs' letter (ECF No. 152) concerning *NetChoice, LLC v. Bonta*, No. 23-2969, 2024 WL 3838423 (9th Cir. Aug. 16, 2024).

      *Bonta* supports the State's arguments here, not plaintiffs' arguments. *Bonta* addressed a First Amendment challenge to a California law requiring online services likely to be accessed by children to take actions to protect children, including, inter alia, disclosing any policies "concisely, prominently, and using clear language" suited to children. *Id.* at *3. The *Bonta* court *vacated* the district court's preliminary injunction of this requirement, concluding relaxed scrutiny would likely apply. *Id.* at *15.

      California's policy disclosure requirement is analogous to GBL § 394-ccc, which requires networks to provide a mechanism for users to report hateful conduct and disclose the network's own policy regarding whether and how it will act on reports. *Bonta* thus supports the conclusion that GBL § 394-ccc is subject to relaxed scrutiny, which it readily satisfies. State Br. 35-58; Reply Br. 11-24.

Plaintiffs incorrectly focus instead on *Bonta*'s inapposite analysis of a *separate* requirement in California's law to create and submit to California's Attorney General reports about the risks services pose to children and plans to mitigate those risks. 2024 WL 3838423, at *2-3. *Bonta* applied strict scrutiny to this requirement, concluding that it compels disclosure of an opinion to the government and may require removing online content deemed harmful to children. *Id.* at *12. Contrary to plaintiffs' arguments, California's report and mitigation requirement is not analogous to GBL § 394-ccc, which mandates disclosure only of the network's own policy *to consumers* and does not require networks to opine on what constitutes hateful conduct, respond to reports, or remove any content. State Br. 44-49, 64-65; Reply Br. 16-17, 21-23, 26-31.

Plaintiffs likewise ignore *Bonta*'s conclusion that it was improper to enjoin enforcement of California's entire law solely because one of its requirements was likely invalid, without considering that requirement's severability. 2024 WL 3838423, at *16. Here the district court committed the same error. State Br. 32-35; Reply Br. 9-11.

Respectfully,

*/s/ Sarah Coco*

Sarah Coco
Assistant Solicitor General
(212) 416-6312

cc: Counsel of record (by ECF)