

September 10, 2024

**Via ECF**
Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Volokh, et. al. v. James*, No. 23-0356: Plaintiffs-Appellees'
             Notice of Supplemental Authority under Fed. R. App. P. 28(j)

Dear Ms. Wolfe:

    Plaintiffs-Appellees submit *X Corp. v. Bonta*, No. 24-271, 2024 WL 4033063 (9th Cir. Sept. 4, 2024), which supports affirming the preliminary injunction here.

    In *X Corp.*, the Ninth Circuit overturned denial of a preliminary injunction, holding X likely to prevail in showing the First Amendment prohibits California from requiring social media companies to report "how the[ir] terms of service define and address hate speech." *Id.* at *2. California's law went beyond "pure transparency measure[s]," the court held, compelling speech "on intensely debated and politically fraught topics," and forcing companies "to recast [their] content-moderation practices in language prescribed by the State." *Id.* at *8.

    New York's § 394-ccc walks the same unconstitutional path. It requires websites to (1) publish a policy about how they "will respond [to] and address" hate speech—an "intensely debated and politically fraught topic[]"—(2) publish a hate speech complaint mechanism, and (3) respond to those complaints. Appellees' Br. 24–28.

    All three requirements have the same fatal flaw: They force websites to publish and "reveal [their] policy opinion about . . . what constitutes hate speech," *X Corp.*, 2024 WL 4033063, at *6, and to explicitly or "implicitly opin[e] on whether and how ['hateful'] content should be moderated." *Id.* at *7; Appellees' Br. 34–35; *see also X Corp.*, 2024 WL 4033063, at *6 n.8.

510 Walnut Street, Suite 900  Philadelphia, PA 19106
phone: 215-717-3473  Fax: 215-717-3440
thefire.org

Catherine O'Hagan Wolfe, Clerk of the Court
U.S. Court of Appeals for the Second Circuit
September 10, 2024
Page 2 of 2

Moreover, California's requirement regulated only already-existing policies. *Id.* at *8 n.9. Section 394-ccc, conversely, demands a *new* policy mechanism, and responses to "address" statutorily defined "hateful" content. Appellees' Br. 45, 68; GBL § 394-ccc(1)(b). So, New York not only forces countless websites to characterize or "recast" their policies, but also to "speak a particular message"—New York's message. *X Corp.*, 2024 WL 4033063, at *6 (cleaned up).

Because New York demands that websites publish "opinions about" hate speech, it does not regulate the "usual definition of commercial speech." *X Corp.*, 2024 WL 4033063, at *8 (cleaned up) (discussing longstanding commercial-speech standards). Strict scrutiny therefore applies and, like California's law, § 394-ccc fails because it is not narrowly tailored to New York's stated goals. *Id.* at *8–9; Appellees' Br. 52–54.

    Sincerely,

    JAMES M. DIAZ
    *Counsel of Record*
    DANIEL M. ORTNER
    FOUNDATION FOR INDIVIDUAL
      RIGHTS AND EXPRESSION
    510 Walnut Street, Suite 900
    Philadelphia, Pennsylvania 19106
    (215) 717-3473
    jay.diaz@thefire.org
    daniel.ortner@thefire.org

    *Attorneys for Plaintiffs-Appellees Eugene Volokh, Rumble Technology, Inc., and Locals Technology, Inc.*

cc:    All Counsel of Record via ECF