

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

September 24, 2024

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

   Re: *Volokh v. James*, No. 23-356

Dear Ms. Wolfe:

  I represent defendant-appellant the New York State Attorney General in the above-captioned appeal. I write in response to plaintiffs' letter (ECF No. 156) concerning *X Corp. v. Bonta*, No. 24-271, 2024 WL 4033063 (9th Cir. Sept. 4, 2024). *X Corp.* is inapposite because the provision of California law at issue there imposes wholly different requirements on social media networks than those imposed by GBL § 394-ccc.

  *X Corp.* addressed a First Amendment challenge to California Business and Professions Code § 22677, which requires social media networks to submit reports to California's Attorney General explaining how the network defines categories of content like hate speech and identifying user content in those categories. *Id.* at *3-4. *X Corp.* enjoined enforcement of § 22677, reasoning that it is a content-based regulation subject to strict scrutiny. The court explained that § 22677 does not regulate commercial speech because it requires networks to report an opinion *to the government* about how certain categories of content should be defined and categorize content. *Id.* at *6-9.

  GBL § 394-ccc imposes no such requirements. Networks are not required to report an opinion to the government or determine whether content

constitutes hateful conduct. Instead, networks are required to disclose *to consumers* how they can report content that the consumer identifies as hateful conduct as defined by the statute, and whether and how the network will respond to reports. State Br. 43-49, 64-65; Reply Br. 16-17, 21-23, 26-31. *X Corp.*'s analysis of § 22677 is thus wholly inapposite.

A separate provision of California's law (§ 22676), which requires networks to disclose terms of service and a process for users to flag content, is far more analogous to GBL § 394-ccc. *X Corp.*, 2024 WL 4033063, at *2. The district court in *X Corp.* denied a preliminary injunction as to that provision and the plaintiff did not appeal. *Id.* at *5. The Ninth Circuit in *X Corp.* thus had no occasion to address § 22676, but agreed that disclosure of a platform's policies may be commercial speech, *id.* at *8, as the State argued here, State Br. 36-49; Reply Br. 11-17.

Respectfully,

*/s/ Sarah Coco*

Sarah Coco
Assistant Solicitor General
(212) 416-6312

cc: Counsel of record (by ECF)